**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YAKOV ELIZAROV,

Plaintiff,

Case No. 2:16-cv-13285-PDB-SDD
Hon. Paul D. Borman
Mag. Judge Stephanie Dawkins Davis

EQUITY EXPERTS, LLC.

Defendant.

---

**PLAINTIFF YAKOV ELIZAROV'S MOTION FOR SUMMARY JUDGMENT AGAINST DEFENDANT EQUITY EXPERTS, LLC**

Pursuant to Fed.R.Civ.Pro. 37(a)(1), 6(b)(1)(A) and L.R. 7.1(2), Sean O'Mara discussed with opposing counsel via teleconference the premises of this motion on April 17, 2017. Opposing counsel did not concur, and thereby necessitated the filing of this instant motion.

Plaintiff, Yakov Elizarov by and through his counsel, respectfully moves for judgment in his favor pursuant to Rule 56 of the Federal Rules of Civil Procedures on claims under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq* (FDCPA) and the Michigan Collection Practices Act M.C.L.A. § 445.252 *et seq.*(MCPA), as well as on Defendant's affirmative defense of *bona fide error*. In support thereof, Plaintiff states as follows:

1. In 2007, Plaintiff purchased a condominium as his primary residence in Waterford Charter Township, Oakland County, State of Michigan. **Exhibit 1**. 'Warranty Deed'.

2. The Plaintiff never signed any agreement for the assessment of fees or costs with the Fountain Park South Condominium Association (the "Association").

3. In 2009 due to Plaintiff's deteriorating financial situation as well as a nationwide economic downfall, the Plaintiff fell behind and then subsequently defaulted on his mortgage for his condominium located in Waterford, Michigan.

4. After default on the mortgage, Plaintiff's creditor moved to foreclose on its loan; the Plaintiff then relinquished his condominium to his creditor by way of a foreclosure in December of 2010.

5. The foreclosure on Plaintiff's condominium extinguished any legal interest that Plaintiff retained in the real property located in Waterford, Michigan.

6. The Plaintiff then left the State of Michigan and his Condominium in October of 2009; Plaintiff subsequently moved to Maryland where he maintains employment and residency.

7. The Plaintiff has not lived in the State of Michigan since October of 2009.

8. The Defendant subsequently allegedly purchased Plaintiff's debt owed to the Association in December of 2015.

9. The debt that the Defendant purchased was in default at the time that it purchased it from the Association.

10. It is undisputed that the Defendant, Equity Experts, is a 'debt collector' as defined in the Fair Debt Collection Practices Act, 15 U.S.C. § 1692(a)(6), and is a 'regulated person' as defined by the MCPA, M.C.L.A. § 445.251. (*See,* Defendant's Answer to Plaintiff's Complaint Doc.# 8 Pgs. 2-7, ¶ ¶ 6, 30).

11. It is also undisputed that the Plaintiff, Yakov Elizarov, is a consumer and Defendant's district court collections case was its attempt to collect a consumer debt as defined in 15 U.S.C. § 1692(a)(5). (*See,* Defendant's Answer to Plaintiff's Complaint Doc.# 8 Pg. 3-7, ¶ ¶ 9-10, 31).

12. Plaintiff received several letters form the Defendant seeking to collect an alleged past due balance with reference to the Fountain Park South Condominium Association.

13. The Plaintiff informed the Defendant that is lives in Rockville, Maryland; the Waterford Condominium was foreclosed upon by the his creditors; and any fees or dues in owing were settled.

14. After the Defendant was unable to cajole the Plaintiff into paying the alleged Association's fees and dues, the Defendant initiated a District Court Collections case in 51st District Court in the Township of Waterford, Oakland County, State of Michigan.

15. The Defendant does not deny that it knew that Plaintiff lived in Rockville, Maryland; but it chose to initiate a district court collections case against the Plaintiff in the 51st District Court for Waterford, Michigan. (*See,* Defendant's Answer to Plaintiff's Complaint Doc.# 8 Pg. 2, ¶ 12).

16. On March 22, 2016, this Defendant sent the Plaintiff a Summons and Complaint via certified mail to the Plaintiff's residence located in Rockville, Maryland seeking to effectuate service for Defendant's district court collections case. **Exhibit 2**. 'Defendant's State Court Summons and Complaint'.

17. On May 11, 2016 Defendant motioned the Waterford District Court to certify that service had been obtained against the Plaintiff in the

underlying district court collections case. **Exhibit 3**. 'Defendant's Motion to Declare Service Valid'.

18. The Plaintiff was then forced to incur actual damages and costs to retain counsel in Michigan to defend against the district court collections case.

19. The FDCPA prohibits this very sort of abusive and unfair collection conduct by Debt Collectors seeking to sue and obtain default judgments against consumers in inconvenient forums. 15 U.S.C. § 1692(i) of the FDCPA provides:

> (a) Venue. Any debt collector who brings any legal action on a debt against any consumer shall–
>
> (1) in the case of an action to enforce an interest in real property securing the consumer's obligation, bring such action only in a judicial district or similar legal entity in which such real property is located; or
>
> (2) in the case of an action not described in paragraph (1), bring such action only in the judicial district or similar legal entity–
>
> (A) in which such consumer signed the contract sued upon; or
>
> (B) in which such consumer resides at the commencement of the action.
>
> (b) Nothing in this title [15 U.S.C. § 1692 et seq.] shall be construed to authorize the bringing of legal actions by debt collectors.

20. The Plaintiff in this case has never signed a contract obligating him to pay condominium association dues. The Defendant here acknowledges that no such

document evidencing the Plaintiff's signature exists. Instead, the Defendant here relies upon a deed, unsigned by the Plaintiff.

21. The Plaintiff retains no interest in his former condominium located in Waterford, Michigan; the Defendant brought its district court collections case solely as an attempt to collect an unsecured consumer debt.

22. The Defendant here did not file its district court collections action in Waterford, Michigan seeking to enforce an interest in such property that secures the debt. Rather, this Defendant the Defendant sought to collect unsecured condominium association fees and costs in the Waterford District Court.

23. Defendant contends that any violation of the FDCPA and MCPA was unintentional and incurred as a *bona fide error* in spite of procedures reasonably adapted to avoid such error. However, any claimed error by Defendant cannot be excused under the affirmative defense of *bona fide error,* 15 U.S.C. § 1692k(c). The bona fide error exception under the FDCPA requires that existing procedures are "reasonably adapted to avoid any such error." 15 U.S.C. § 1692k(c). Here, however, at the time of the violation, the Defendant failed to have in place any procedures to prevent it from filing an illegal collection actions in an improper and inconvenient venues. More specifically,

the Defendant here filed its district court collections action seeking to collect unsecured condominium association fees in a Waterford, Michigan Court located approximately 530 miles away from the Plaintiff's residence in Rockville, Maryland. The Defendant may claim that they sued based upon a deed, however the Plaintiff was never a party, nor signatory to such deed and the Plaintiff never signed any contract with the Condominium Association. Therefore, Defendant's *bona fide error* cannot excuse such flagrant violations, and a judgment should be entered in favor of the Plaintiff on this defense.

WHEREFORE, for the foregoing reasons, and those set forth in the accompanying brief, Plaintiff respectfully asks this Court to enter summary judgment against the Defendant in his favor, both on his claims and as to the Defendant's affirmative defense.

DATE: May 1, 2017

                                            Respectfully Submitted

                                            **THE PARNELL FIRM, PLLC**

                                            By:/s/ *David S. Parnell*
                                            David S. Parnell (P77628)
                                            Attorney for Plaintiff
                                            21929 Nine Mile Rd
                                            Saint Clair Shores, MI 48080

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

YAKOV ELIZAROV,

Plaintiff,

Case No. 2:16-cv-13285-PDB-SDD
Hon. Paul D. Borman
Mag. Judge Stephanie Dawkins Davis

EQUITY EXPERTS, LLC.

Defendant.

---

**BRIEF IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Yakov Elizarov, ("Plaintiff") by and through his attorneys, pursuant to Federal Rule of Civil Procedure 56, submits this Brief in Support of his Motion for Summary Judgment and states as follows:

**Introduction**

It is uncontested that Defendant, Equity Experts, LLC ("Equity Experts"), is a debt collector. Plaintiff owned a condominium at the Fountain Park Condominium Association located in Waterford, Michigan. Due to financial difficulties of the Plaintiff and many others nationwide, the Plaintiff was unable to fully pay off the balance of his mortgage and it went into default. Plaintiff's condominium was foreclosed and relinquished in December of 2010, thereby extinguishing any interest

that Plaintiff retained in the property located in Waterford, MI. On December 11, 2015, Equity Experts allegedly purchased an outstanding balance due for condominium association fees associated with Plaintiff's former Waterford condominium.

After acquiring account level information from the Fountain Park South Condominium Association, Equity Experts began its collection on Plaintiff's account. When phone and mail collection efforts were unsuccessful, Equity Experts filed a collections lawsuit against the Plaintiff in the 51st District Court located in Waterford, Michigan. Equity Experts sent its district court collections summons and complaint to Plaintiff via certified mail at his Rockville, Maryland residence.

The underlying district court collections case filed by Equity Experts sought to collect $1,204.47 in allegedly unpaid condominium fees associated with Plaintiff's former condominium located at 78 Cascade Ln, in Waterford, MI. Despite having knowledge that the Plaintiff resided in Rockville, Maryland and that Equity Experts possesses no signed contract between Plaintiff and the Association; the Defendant here still chose to pursue the Plaintiff in its district court collections case in a Waterford District Court located approximately 530 miles from the Plaintiff's residence in Rockville, MD.

Equity Experts sought to certify the service as effective in the Waterford District Court, and forced the Plaintiff to retain an attorney located in Michigan to defend the underlying condo fee collections action. *See* **Exhibit 3**. Even though Equity Experts knew that the Plaintiff resided all the way in Rockville, Maryland it still sought to pursue its collections action to judgment in the Waterford District Court. *See* **Exhibit 2**, **Exhibit 3.**

Plaintiff is a consumer as defined by the FDCPA and MCPA because he is a natural person who was allegedly obligated to pay the alleged debt to Equity Experts. Plaintiff used his former Waterford Condominium as his primary residence in 2009 for personal purposes only and not for business purposes and as such the alleged debt is a "debt" as defined by the FDCPA and MCPA. *See Haddad v Alexander, Zelmanski, Danner & Fioritto, PLLC*, 698 F3d 290 (6th Cir. 2012).

**I. Legal Standard**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.Pro. 56(c). The moving party bears the burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v Catrett,* 477 U.S. 317 (1986). Once the movant has met this

burden, the non-moving party cannot simply rest on the allegations in the pleadings, but "by affidavits or as otherwise provided for in [Rule 56], must set forth sepcific facts showing that there is a genuine issue for trial." Fed.R.Civ.Pro. 56(e). A "genuine issue" in the context of a motion for summary judgment is not simply a "metaphysical doubt as to the meterial facts." *Matsushita Elec. Indus. Co., ltd. v. Zenith Radio Corp.,* 475 U.S. 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). The substantive law of the issues raised by the claims asserted in the complaint determines what is "material" for purposes of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). By these standards, Plaintiff's motion for summary judgment should be granted.

**II. The Fair Debt Collection Practices Act**

In enacting The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), Congress recognized the universal agreement among scholars, law enforcement officials, and even debt collectors that the number of persons who willfully refuse to pay just debts is minuscule. . . . [T]he vast majority of consumers who obtain credit fully intend to repay their debts. When default occurs, it is nearly always due to an unforeseen event such as unemployment, overextension, serious illness, or marital difficulties or divorce. S. Rep. No. 382, 95th Cong., 1st Sess. 3 (1977), reprinted in 1977 USCCAN 1695, 1697. The FDCPA states that its purpose,

in part, is "to eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). The Act is intended to protect the interests of consumers, and to prevent the use of abusive practices such as false and unfair methods used in attempts to collect a debt. 15 U.S.C. § 1692(e). *Bridge v. Ocwen Fed. Bank FSB,* 681 F.3d 355, 362 (6th Cir. 2012) held that the Fair Debt Collection Practices Act is an extraordinarily broad statute that broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt.

The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer."The test is an objective one, in determining whether a violation of the FDCPA has occurred is based on whether the "least sophisticated consumer" would be misled by defendant's actions. *Harvey v. Great Seneca Fin. Corp*., 453 F.3d 324, 329 (6th Cir.2006). Because it is part of the Consumer Credit Protection Act, 15 U.S.C. §§1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc*., 839 F.Supp. 941 (D. Conn. 1993). The FDCPA is a strict liability statute. "Strict liability places the risk of penalties on the debt collector that engages in activities which are not entirely lawful, rather than exposing consumers to unlawful debt-collection behavior without

a possibility for relief." *Stratton v. Portfolio Recovery Assocs, LLC,* 770 F3d 443, 449 (6th Cir. 2014).

The [Consumer Credit Protection] Act is remedial in nature, designed to remedy what Congressional hearings revealed to be unscrupulous and predatory creditor practices throughout the nation. Since the statute is remedial in nature, its terms must be construed in liberal fashion if the underlying Congressional purpose is to be effectuated. *N.C. Freed Co. v. Board of Governors*, 473 F.2d 1210, 1214 (2nd Cir. 1973). Statutory damages are recoverable for violations, whether or not the consumer proves actual damages. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir.1997). Plaintiff need not prove intent, bad faith or negligence in an FDCPA case. *Gearing v. Check Brokerage Corp.*, 233 F.3d 469, 472 (7th Cir.2000). The "FDCPA is a strict liability statute," and "proof of one violation is sufficient to support summary judgment for the Plaintiff." *Cacace v. Lucas*, 775 F. Supp. 502, 505 (D. Conn. 1990); *Accord*, *Turner v. J.V.D.B. & Associates, Inc.*, 330 F.3d 991, 995 (7th Cir. 2003). *Gearing*, 233 F.3d at 472.

**III. Plaintiff has Satisfied the Prerequisite Requirements of the FDCPA**

Defendant admits that it is a debt collector under 1692(a)(6)(*See,* Defendant's Answer to Plaintiff's Complaint Doc.# 8 Pgs. 2-7, ¶¶ 6, 30). There is no dispute that

the Plaintiff is a consumer and the underlying debt was subject to the FDCPA. *See* (Defendant's Answer to Plaintiff's Complaint Doc.# 8 Pgs. 2-7, ¶ ¶ 10). Further, Defendant does not dispute that it was attempting to collect a consumer debt. *Id*. The only issue in dispute is whether Defendants actions violated 1692i.

**IV. Defendant Violated § 1692i of the FDCPA by Filing a Debt Collections Lawsuit in an improper and inconvenient venue.**

Equity Experts violated 15 U.S.C. § 1692i by filing and prosecuting a collections lawsuit in Waterford, MI, 530 miles away from Plaintiff's residence in Rockville, Maryland. Equity Experts filed the district court collections action, not to perfect or foreclose on an interest in real property, but instead to collect on an unsecured consumer debt- condominium association fees. Defendant asserts *the bona fide error* defense, and cites to the proposition that the collections action was filed where the Plaintiff signed the contract, however, this fails because the Plaintiff never signed a contract with the condominium association for the assessment of fees and the Defendant is unable to produce any document evidencing Plaintiff's signature. Furthermore, Defendant's affirmative defense of *Bona Fide Error* also fails as the Defendant maintained no policy to ensure violations of the FDCPA such as that in this case are prevented.

Plaintiff never signed a contract obligating him to pay condominium association dues. A copy of the subject deed is attached as **Exhibit 1.** Since he did not sign a contract, proper venue is in the judicial district where he resided at the commencement of this action, which is in the State of Maryland. *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994) (holding "if a consumer did not sign a contract, a collector may only sue the consumer where the consumer resides). Moreover, the venue provisions of the FDCPA preempt state law venue provisions to the contrary. *Martinez v. Albuquerque Collection Services Inc.,* 867 F.Supp. 1495 (D.N.M. 1994). It was the express intent of Congress to occupy this are of law and preempt all conflicting state law, as evidenced by its "declaration of purpose," which states in 15 U.S.C. § 1692(e):

> (e) Purposes. It is te purpose of this title [15 U.S.C. § § 1692 et seq.] to eliminate abusive debt collection practices by debt collectors, to insure that those det collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

Defendant filed its lawsuit knowing that Plaintiff lived in Rockwood, Maryland. *See* Exhibit 2. 15 U.S.C. § 1692i, was enacted to combat "the problem of 'forum abuse,' an unfair practice in which debt collectors file suit . . . in courts which

are so distant or inconvenient that consumers are unable to appear" in order for the debt collector to a obtain default judgment against the consumer, S. Rep. No. 95382, at 5 (1977). *See also Suesz v. Med-1 Solutions, LLC*, 757 F.3d 636 (7th Cir. 2014) "[O]ne common tactic for debt collectors is to sue in a court that is not convenient to the debtor, as this makes default more likely; or in a court perceived to be friendly to such claims; or, ideally, in a court having both of these characteristics." *Id*. 639.

Defendant's conduct of knowingly suing Plaintiff in the district court of Waterford, MI when he lived in Maryland violates 1692i. The collection lawsuit filed by defendants was not for enforcement of any interest in real property, it was by definition an unsecured debt. Defendant Equity Experts was fully aware that Plaintiff lived in Maryland when it filed its lawsuit, it even petitioned the Court for alternate service to serve Plaintiff by mail. *See* **Exhibit 2**, **Exhibit 3**. Plaintiff was served by certified mail at his address in Maryland. *Id*. No signed contract exists regarding the homeowner association fees.

## V. Equity Expert's *Bona Fide Error* Defense fails as Matter of Law, and Plaintiff should be granted Summary Judgement on the Defense.

Section 1692k(c) of the FDCPA, the *bona fide* error provision, provides:

> A debt collector may not be liable in any action brought under this subchapter if the debt collector shows by a

> preponderance of the evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c).

In proving a bona fide error defense under 1692k a debt collector must show: (1) the violation was not intentional; (2) the violation resulted from a bona fide (or good faith) error; and (3) the violator maintained procedures reasonably adapted to avoid any such error. See 15 U.S.C. § 1692k(c); *Edwards v. McCormick*, 136 F. Supp. 2d 795, 800 (S.D. Ohio 2001). For all affirmative defenses, defendants have the burden of pleading and proving each element. *See Horton v. Potter*, 369 F.3d 906, 911 (6th Cir. 2004). Mistake of law is not bona fide error. *Jerman v Carlisle, McNellie, Rini, Kramer & Ulrich, LPA*, 559 US 573; 130 S Ct 1605; 176 L Ed 2d 519 (2010)

Defendant, Equity Experts, asserts that any violation of the FDCPA was not intentional and resulted from a *bona fide error* in spite of procedures reasonably adapted to avoid such error. However, Defendant produces no such policies to safeguard against the violations alleged in Plaintiff's complaint. Defendant plead an affirmative defense of 'bona fide error' under 1692k, through discovery it is known that Equity Experts has no policy specifically regarding 1692i or its procedure when filing lawsuits against consumers who may live outside the jurisdiction of the 51st

district court of Waterford, MI. A debt collector must have a policy and procedure in place and that such bona fide error resulted notwithstanding the maintenance of procedure to reasonably avoid such error. *See Crawford v Credit Collection Servs*, 898 F Supp 699 (SD 1995).

## CONCLUSION

Under the FDCPA, debt collectors are prohibited from filing collection lawsuits in courts to which the consumer does not reside, provided that the lawsuit is not to secure an interest in real property, and not the location of the signed contract to which is the subject of the collections action. Here, Equity Experts filed suit in Waterford, Michigan without any written agreement signed by the Plaintiff (as none exists) in order to seek a judgment against the Plaintiff for unsecured condominium association fees tied to the Plaintiff's former residence that was subsequently foreclosed upon in 2010. The Defendant here was notified of the Plaintiff's Maryland residence, knew it did not have a contract for which evidenced Plaintiff's signautre, yet still knowingly filed its collections lawsuit in the Waterford District Court located in Michigan, against Plaintiff, a longtime resident of Maryland.

There is no excuse for Defendant's conduct, it was calculated to obtain a judgment and strong-arm a far away consumer into paying a disputed debt. The Defendant's *bona fide error* defense fails as a matter of law. Defendant maintained

no procedures to ensure it was not filing collection actions in improper and illegal venues. Consequently, Plaintiff is entitled to summary judgment on his FDCPA and MCPA claim against the Defendant, Equity Experts, LLC.

WHEREFORE, Plaintiff, Yakov Elizarov, respectfully requests that this Honorable Court grant summary judgment in his favor for his FDCPA and MCPA claim against Equity Experts, as well as on Defendant's affirmative defense of *bona fide error*, and for any other or further relief the court deems just and proper.

DATE: May 1, 2017

Respectfully Submitted

**THE PARNELL FIRM, PLLC**

By:/s/ *David S. Parnell*
David S. Parnell (P77628)
Attorney for Plaintiff
21929 Nine Mile Rd
Saint Clair Shores, MI 48080

## CERTIFICATE SERVICE

David S. Parnell affirms that he is an ECF participating attorney and that he electronically transmitted to the court and to all participating ECF attorneys this document and any attachments, and any non-ECF attorneys were also served by first class mail.

May 1, 2017

*Respectfully Submitted*:

**THE PARNELL FIRM**

By: /s/David S. Parnell
David S. Parnell (P77628)